UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| DION LAWRENCE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:10-CV-00157-KSF |
| | ) | |
| v. | ) | |
| | ) | |
| D. BERKEBILE, *Warden*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Dion Lawrence, confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy")
in Inez, Kentucky, has filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §
2241. R. 2. He has paid the $5.00 filing fee. R. 3.

Lawrence alleges that he is actually innocent of murder in the first degree in violation of 14
Virgin Islands Code (V.I.C.), 18 U.S.C. § 922(a)(1), and other federal firearm offenses of which he
was convicted. He alleges that accordingly, his federal conviction and life sentences violate the Due
Process Clause of the Fifth Amendment of the United States Constitution.

The Court screens the petition pursuant to 28 U.S.C. § 2243. At the screening phase, the
Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the
necessary facts can be determined from the petition itself without need for consideration of a return."
*Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

---

[1] The Court holds Lawrence's *pro se* pleadings to less stringent standards than those
drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190
F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's
allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir.
2001).

Because Lawrence has not shown that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to challenge his federal convictions and sentence, his § 2241 petition will be denied and this action will be dismissed.

## CONVICTION AND POST-CONVICTION LITIGATION

In 2002, Lawrence was convicted of murder in the first degree in violation of 14 Virgin Islands Code (V.I.C.), 18 U.S.C. § 922(a)(1); possession of a firearm as an illegal alien in violation of 18 U.S.C. § 922(g); and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and (j)(1). *See United States v. Lawrence*, No. 3:00-CR-00654-TKM (D.V.I., St. Thomas Division) ("the Trial Court"). He received a life sentence without parole. The convictions stemmed from the April 22, 2000 shooting of George "Josh" Hodge, Jr.

On appeal, Lawrence argued that photographic arrays shown to government witnesses were unduly suggestive; that the Trial Court erred in granting the government's motion in limine to exclude evidence that the victim identified someone else as his assailant; that the evidence was insufficient to prove the premeditation required for first degree murder; and that the government failed to establish that the weapon involved was not an antique and therefore not a "firearm" within the meaning of 18 U.S.C. §§ 922(g) and 924(c)(1), (j)(1). On November 13, 2003, the Third Circuit affirmed Lawrence's conviction after rejecting all of his arguments on the merits. *United States v. Lawrence*, 349 F.3d 109 (3rd Cir. 2003).

On July 19, 2005, Lawrence filed a motion in the Trial Court, under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. *Lawrence v. United States*, No. 3:05-CV-00112-RLF (D.V.I.). On March 24, 2006, the district court dismissed Lawrence's § 2255 motion as untimely and ordered that no certificate of appealability should issue. *Id.*, R. 8. Lawrence did not appeal.

**CLAIMS ASSERTED IN § 2241 PETITION**

In his § 2241 petition, Lawrence argues the same claims which he asserted on appeal; that he did not shoot Hodge; that he was not in possession of the murder weapon; that Hodge did not identify him as the shooter; and the evidence used at trial was insufficient to convict him of murder beyond a reasonable doubt. Lawrence claims that he is actually innocent of the charges for which he was convicted, and that *Sawyer v. Whitley*, 505 U.S. 333, 340-347 (1992) permits him to seek relief under § 2241 despite his failure to timely seek relief in the Trial Court under § 2255.

**DISCUSSION**

Lawrence is not entitled to relief under § 2241 because he fails to show that his remedy in the Trial Court under 28 U.S.C. § 2255 was inadequate or ineffective to challenge the legality of his detention. Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)).

There is one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). But a federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is

inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799(6th Cir. 2003).

Lawrence is not challenging the manner in which his federal sentence is being executed. Instead, he is advancing the same challenges to his underlying convictions which the Third Circuit rejected over seven years ago on direct appeal. Lawrence had until November 13, 2004, a year from the date on which his criminal judgment became final, in which to file a § 2255 motion in the Trial Court challenging his convictions. *See* § 2255(1). He did not do so until July 19, 2005, well past the one-year deadline. His § 2255 motion was therefore untimely.

This Court cannot ignore the settled rule requiring a prisoner challenging a federal conviction or sentence to first present such claims to the Trial Court in a timely fashion under § 2255. Section 2241 is available only to the rare habeas petitioner who can show that his § 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The remedy under § 2255 is not "inadequate and ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F.3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Further, claiming actual innocence based on issues which could or should have been addressed at trial, on appeal, or through a motion to vacate, does not establish grounds for relief pursuant to 28 U.S.C. § 2241. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

Lawrence's reliance on *Sawyer* is misplaced. In *Sawyer*, the § 2254 petitioner had new evidence showing that he was actually innocent of the underlying state criminal charge.[2] Because the evidence created a previously unavailable constitutional claim, he was allowed to present it despite his procedural default. *Sawyer*, 505 U.S. at 336. The Court explained that "[T]o show 'actual innocence' one must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Id*.

In *Sawyer*, the Supreme Court held that federal courts cannot entertain the merits of "*successive claims* that raise grounds identical to grounds heard and decided on the merits in a previous petition" unless the petitioner can demonstrate either that failure to hear the merits would constitute a miscarriage of justice, or that he has good cause for re-asserting his claims and prejudice would otherwise result. *Sawyer*, 505 U.S. at 338-39, (citations omitted) (emphasis in original).

Whereas the *Sawyer* petitioner offered new, previously unavailable evidence constituting "actual innocence" of the underlying offense, Lawrence does not. In his § 2241 petition, he raises the same arguments which he unsuccessfully advanced years ago on direct appeal. Lawrence does not allege that any new facts or evidence evolved after he was convicted. Accordingly, *Sawyer* does not support Lawrence's claim for relief under § 2241.

Lawrence's failure to file a timely § 2255 motion in the Trial Court does not mean that § 2255 was inadequate or ineffective means to challenge his sentence. Section §2241 is not a catch-all

---

[2]     *Sawyer* involved a death penalty petitioner convicted in state court who was asserting a federal habeas challenge to his conviction under 28 U.S.C. § 2254. That statute allows persons convicted under state law to collaterally challenge their sentences in federal court under certain grounds. Section § 2254 is the corollary to § 2255, which authorizes persons convicted of federal offenses to seek federal habeas relief.

remedy to assert claims that could have been brought under §2255. *Charles*, 180 F.3d at 758. Under

the facts alleged, Lawrence fails to show that his § 2255 remedy was inadequate or ineffective to

challenge his detention, so § 2241 relief is not available.

The only other circumstance under which § 2241 can be invoked through the savings clause

of § 2255 arises when the movant alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722,

724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). Actual

innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523

U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998);

*Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that

"a constitutional violation has probably resulted in the conviction of one who is actually innocent

of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Lawrence has not alleged an applicable intervening change in the law or any extraordinary

circumstances suggesting that he is actually innocent of the underlying offenses for which he is

serving his sentence. On direct appeal, the Third Circuit thoroughly discussed and analyzed the

evidence presented at trial and rejected Lawrence's arguments challenging the sufficiency of the

evidence used to convict him- - the same arguments Lawrence raises in the instant § 2241 petition.

The Third Circuit's opinion establishes that Lawrence is not "actually innocent" of either the murder

or the related firearms charges for which he was convicted.

As Lawrence has shown neither that his § 2255 remedy was inadequate or ineffective to

challenge his conviction, nor that he is actually innocent of murder and related federal firearm

offenses of which he was convicted, he is not entitled to relief under § 2241. *See Raymer v. Barron*,

82 F. App'x 431 (6th Cir. 2003); *Wade v. Shartle*, 4:08-CV-00426, 2008 WL 1886094 (N.D. Ohio April 24, 2008). Lawrence's § 2241 petition will therefore be denied.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Dion Lawrence's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, R. 2, is **DENIED**; and

(2)     This action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, D. Berkebile, Warden of USP-Big Sandy.

This February 1, 2011.

**Signed By:**

*Karl S. Forester* $KSF$

**United States Senior Judge**