UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

DION LAWRENCE, )
)
    Petitioner, ) Civil Action No. 7:10-CV-00157-KSF
)
v. )
)
D. BERKEBILE, *Warden*, ) **MEMORANDUM OPINION AND**
) **ORDER**
    Respondent. )

***** ***** ***** *****

Dion Lawrence, confined in the United States Penitentiary-Big Sandy located in Inez, Kentucky, has filed a motion seeking relief from Judgment under Federal Rule of Civil Procedure 60(b), R. 7. For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

On December 8, 2010, Lawrence filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. R. 2. Lawrence alleged that because he is actually innocent of murder in the first degree in violation of 14 Virgin Islands Code (V.I.C.), 18 U.S.C. § 922(a)(1), and other federal firearm offenses of which he was convicted, his federal conviction and life sentences violated the Due Process Clause of the Fifth Amendment of the United States Constitution.

After conducting the screening required by 28 U.S.C. § 2243, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") and Judgment on February 1, 2011, denying Lawrence's § 2241 petitions and dismissing this action with prejudice. *See* R. 5 & 6. The Court determined that because Lawrence failed to file a timely § 2255 motion challenging his conviction in the court where he was convicted, he could not establish that his § 2255 was

an inadequate or ineffective means to challenge his conviction and sentence; that *Sawyer v. Whitley*, 505 U.S. 333, 340-347 (1992), did not support his claim that he was entitled to relief under § 2241; and that Lawrence had not alleged an applicable intervening change in the law or any extraordinary circumstances suggesting that he is actually innocent of the underlying murder and firearm offenses of which he was convicted. *Id*., pp. 4-6.

In his current motion, Lawrence contends that because he alleged facts establishing actual innocence, the "miscarriage of justice exception" to a defaulted claim set forth in *Schlup v. Delo*, 513 U.S. 298 (1995), entitles him to relief from the Opinion and Order and Judgment.[1] Lawrence quotes liberally from *Schlup* and tracks its language to insist that he can demonstrate that in light of all of the evidence, it is more likely than not that "no reasonable juror" would have found him guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 327.

## DISCUSSION

Because Lawrence is actually seeking reconsideration of a final judgment rendered on February 1, 2011, his motion falls more appropriately under Federal Rule of Civil Procedure 59(e). A court may alter a judgment pursuant to Rule 59(e) if it was premised upon a clear misunderstanding of the controlling law or the issues presented by the parties, or where after entry of the judgment the parties discover previously-unavailable and material evidence or there

---

[1] In *Schlup*, the Supreme Court held that the standard of *Murray v. Carrier*, 477 U.S. 478 (1986), which requires a procedurally defaulted habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent, rather than the more stringent *Sawyer v. Whitley* standard, governs a miscarriage of justice inquiry when a petitioner who has been sentenced to death raises a claim of actual innocence to avoid a procedural bar to consideration of the merits of constitutional claims. *Schlup*, 513 U.S. at 324.

2

is an intervening change in the controlling law. *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003); *Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

Since Lawrence cites Federal Rule of Civil Procedure 60(b) in his motion, the Court will examine the standards for granting post-judgment relief under that provision, which permits a district court to relieve a party from a final judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

A Rule 60(b) motion may only be granted for one of the enumerated reasons. *Johnson v. Unknown Dellatifa*, 357 F.3d 536, 543 (6th Cir. 2004); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Though courts have considerable discretion in granting relief from judgment pursuant to Rule 60(b), a court's power is limited by public policy favoring the finality of judgments, and "courts must apply for Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Applying the standards of either Rule 59(e) or Rule 60(b), the Court must deny Lawrence's motion. In the Opinion and Order, the Court fully considered and addressed the

3

claims asserted in Lawrence's § 2241 petition, and determined that because he did not present his claims in a § 2255 motion in the court where he was convicted and because he cited no applicable intervening Supreme Court decision, he had not stated grounds for relief under § 2241. The Court also noted that on direct appeal Lawrence unsuccessfully challenged the sufficiency of the testimony and evidence used to convict him, and that in a published 2003 decision the Third Circuit affirmed his conviction, rejecting all of his challenges on the merits.

The motion does not satisfy any of Rule 60(b)'s stringent standards. Lawrence does not advise the Court of an intervening change in the controlling law, present newly available material evidence, or demonstrate clear legal error or manifest injustice. He simply re-asserts the same claims he raised in his § 2241 petition: that the evidence used to convict him was insufficient; that he was not guilty of murder; and that he should be excused from his failure to file a § 2255 motion asserting his various challenges to the evidence used to convict him. Further, Lawrence does not present an unusual or extreme situation justifying equitable relief.

*Schlup* does not assist Lawrence. The threshold showing using § 2241 to reach § 2255 claims is not the same standard set out in *Schlup,* in which the Supreme Court established the "actual innocence" standard governing the "miscarriage of justice" inquiry employed when a death row inmate raises a claim of actual innocence to avoid a procedural bar to consideration of the merits of his constitutional claims. The facts and procedural posture in this § 2241 proceeding simply do not implicate the announcement in *Schulp*. *See Hemphill v. Rios*, No. 07-CV-60-GFVT, 2007 WL 1113519, at *3 (E.D. Ky. April 12, 2007) (finding *Schlup* to be inapplicable to a § 2241 petitioner); *Pichardo v. Sniezek*, No. 06-CV-00352, 2006 WL 1207937

4

(N.D. Ohio May 4, 2006) (denying § 2241 petition despite prisoner's reliance on *Schulp*).

As explained in the Opinion and Order, *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), establishes the threshold showing which a § 2241 petitioner, asserting a challenge to a conviction or sentence which would ordinarily be brought in the trial court, must make. As further explained in the Opinion and Order, Lawrence failed to make that showing because he did not demonstrate under *Charles* either that his remedy via § 2255 was truly inadequate or ineffective, or that an intervening Supreme Court decision had been rendered which defines the murder and firearms crimes of which he was convicted as non-criminal.

In summary, nothing in Lawrence's motion convinces the Court either that amendment of the Opinion and Order and Judgment under Rule 59(e) is warranted, or that Lawrence has alleged unusual and extreme situations mandating extraordinary relief under Rule 60(b).

## CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner Dion Lawrence's motion seeking relief from Judgment under Federal Rule of Civil Procedure 60(b), R. 7, is **DENIED**.

This February 22, 2011.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**